UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CASE NUMBER: 05-80949
                                  HONORABLE VICTORIA A. ROBERTS

v.

SHERMAN PEGROSS,

        Defendant.
_____/

**ORDER DENYING RENEWED MOTION FOR REVOCATION OF
ORDER OF DETENTION**

**I.    INTRODUCTION**

This matter is before the Court on Defendant's motion for revocation of detention. For the following reasons, Defendant's motion is **DENIED**.

**II.    BACKGROUND**

Sherman Pegross ("Defendant") filed his third motion requesting this Court to vacate the Order of Detention and release him on an unsecured bond. In the alternative, Defendant requests that he be placed under "house arrest" or "third-party custody" pending trial. Defendant is charged with Production of False Identification Documents, in violation of 18 U.S.C. § 1028(a)(1), and Access Device Fraud, in violation of 18 U.S.C. § 1029(a)(1). On November 30, 2005, after holding a hearing Magistrate Judge Steve D. Pepe ordered Defendant detained until trial. Based on the Defendant's criminal history, Judge Pepe determined it was likely Defendant would abscond if released on bond.

1

On December 19, 2005, this Court upheld the Order and concurred that Defendant was both a risk of flight and a danger to the community. On February 27, 2006, the Court again denied Defendant's request for release. Defendant then appealed to the Sixth Circuit. The Sixth Circuit dismissed his request for lack of jurisdiction. On March 19, 2007, Defendant filed this motion.

Since the bond denials, the grand jury has returned an 11-count Second Superseding Indictment and a 15-Count Third Superseding Indictment, charging Defendant with additional fraud and related offenses. A hearing was held on June 14, 2007.

## III.  ANALYSIS

Primarily, Defendant argues that he is not a substantial risk or danger to the community because this case does not involve narcotics, violations of passport laws, or other dangerous crimes. Citing several cases, Defendant focuses on what this case is not about.

However, the Government notes that the circumstances and facts demonstrate that there are not conditions or combination of conditions that will reasonably assure the safety of the community or that Defendant will appear in court. Under 18 U.S.C. § 3142(e), a defendant shall be detained pending sentencing if, after a hearing, the judicial officer finds that no condition or set of conditions will reasonably assure the defendant's appearance as required and the safety of any other person and the community. Even though the Court has twice reviewed this issue and Defendant does not present new arguments, the Court will briefly address the reasons why Defendant is not a suitable candidate for bail.

2

Foremost, Defendant failed to abide by conditions of release in the past.  On May 5, 2005, while on probation, under house-arrest, and wearing a tether, Defendant engaged in criminal activity by attempting to carry out a fraudulent mortgage scheme.  During the same time period, Defendant violated his conditions of probation to a Court in Fort Collins, Colorado.  Further, while on probation, Defendant threatened the life of a case agent and engaged in several aggressive actions toward the case agent.  At the hearing on June 14, the Government played a tape of the May 12, 2005 conversation Defendant had, as well as a November 1, 2005 voice mail message left on Officer Stoinski's cell phone which was also threatening in nature.

In response, Defendant argues that either these actions did not occur (the threat) or that they are not egregious enough to deny bond.  For example, he claims that crimes involving fraudulent identification are not the type of crimes which pose a danger to the community and support an order of detention.  In addition, Defendant maintains that he has no incentive to flee because his wife and children are in Michigan.

In light of Defendant's failure to abide by conditions of supervision in prior cases his criminal history, and threats the Court finds his arguments unpersuasive; he still is an unsuitable candidate for release.

## IV.     CONCLUSION

For the reasons stated, the Court **DENIES** Defendant's motion.  Further, Mr. Pegross is not to file any more motions raising these same arguments.  Such, motions will be stricken.

**IT IS ORDERED**.

                                          /s/ Victoria A. Roberts
                                          Victoria A. Roberts
                                          United States District Judge

Dated:  June 15, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 15, 2007.

S/Linda Vertriest
Deputy Clerk

---