UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

    Plaintiff,

vs.

SHERMAN PEGROSS,

    Defendant.
_____/

Case No: 05-80949
Honorable Victoria A. Roberts

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR GRAND JURY DATA

**I.   INTRODUCTION**

Before the Court is Defendant's Motion for Grand Jury Data. For the following reasons the Court **GRANTS it in part and DENIES it in part**.

**II.   BACKGROUND**

Defendant first sought this relief in a motion addressed to Chief Judge Friedman filed December 7, 2007. In a December 26, 2007 order, Judge Friedman denied Defendant's motion without prejudice because it was unaccompanied by a brief or proof of service. The order also stated "the request appears to be moot inasmuch as defendant has filed a similar motion with the district judge assigned to this case." On January 17, 2008, Defendant filed a motion for reconsideration. Although this motion was untimely, Defendant requested the court consider it nonetheless because he did not receive Judge Friedman's order until January 15, 2008. On January 23, 2008, the

1

Chief Judge denied Defendant's motion for reconsideration. The Chief Judge held that the motion was not properly before him: "Local Rule 6.1 provides that '[a] motion or application filed in connection with a grand jury subpoena or other matter occurring before a grand jury' is properly addressed by the District Judge to whom the matter has been assigned." The Chief Judge found that although Administrative Order 00-A0-060 requires the Chief Judge to decide any motion seeking "the provision of juror information beyond that contemplated in th[e] Administrative Order," Defendant's motion did not fall within this exception. Defendant does not request information covered in any way by Administrative Order 00-A0-060, so his motion is properly directed to the District Judge. L.R. 6.1(c) ("The moving party shall prepare a motion and order to seal and shall bring such papers to the District Judge to whom the matter has been assigned . . . .").

Defendant seeks records related to his indictment. Defendant relies on FED. R. CRIM. P. 6(e)(3)(E)(ii), FED. R. CRIM. P. 12(b)(3)(B), the Jencks Act, 18 U.S.C. § 3500, *et seq*, and the Fifth Amendment of the United States Constitution. He requests transcripts of the proceedings and ministerial records of the grand jury, or juries, that returned the Original, Superceding, Second Superceding, and Third Superceding Indictments. Defendant wishes to determine whether the proper procedures were followed. Defendant limits his transcript request to those documents needed to reveal the charges submitted to the grand jury. In addition, Defendant requests records revealing impanelment and discharge dates, including records of extensions. Defendant is willing to accept these documents without the identification of the grand

2

jury members.

## III. ANALYSIS

### A. Grand Jury Transcript

FED. R. CRIM. P. 6 says "[t]he court may authorize disclosure -- at a time, in a manner, and subject to any other conditions that it directs – of a grand jury matter at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." FED. R. CRIM. P. 6(e)(3)(E)(ii). However, "[d]isclosure is proper only on a showing of 'compelling necessity' and 'particularized need.'" *United States v. Azad*, 809 F.2d 291, 295 (6th Cir. 1986). The burden is on the defendant to show that a "particularized need" exists, and such need must outweigh the policy of secrecy. *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959); *see also United States v. O'Reilly*, No. 05-80025, 2007 U.S. Dist. LEXIS 94728, at *3-5 (E.D. Mich. Dec. 28, 2007) (Roberts, J.) (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683 (1958)) ("For example, a defendant's burden is met where the testimony is needed to test a witness's credibility, impeach a witness, or refresh a witness's recollection.").

Strong policy favors the secrecy of grand jury proceedings. *United States v. Short*, 671 F.2d 178, 184 (6th Cir. 1982), *cert. denied*, 457 U.S. 1119 (1982). The "'indispensable secrecy of grand jury proceedings' must not be broken except where there is a compelling necessity." *Gamble*, 356 U.S. at 682 (quoting *United States v. Johnson*, 319 U.S. 503 (1943)) (internal citation omitted).

3

This secrecy serves:

(1) To prevent the escape of those whose indictment may be contemplated;
(2) To insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors;
(3) To prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it;
(4) To encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; and
(5) To protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*Id.* (citing *United States v. Rose*, 215 F.2d 617, 628-29 (3d Cir. 1954)).

"[A]fter the grand jury's functions are ended, disclosure is wholly proper where the ends of justice require it." *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 234 (1940). "The burden, however, is on the defense to show that 'a particularized need' exists for the minutes which outweighs the policy of secrecy." *Pittsburgh Plate*, 360 U.S. at 400. The grounds for disclosure of the proceedings must be demonstrated with particularity and reflect a narrowly tailored and compelling need. *United States v. Goff*, No. 03-04-140, 2006 U.S. Dist. LEXIS 10288, at *20-22 (S.D. Ohio Feb. 20, 2006) (citing *In re Grand Jury*, No. 89-4-72, 932 F.2d 481 (6th Cir. 1991)).

"It is only when the criminal procedure is subverted that 'good cause' for *wholesale* discovery and production of a grand jury transcript would be warranted." *Gamble*, 356 U.S. at 684 (emphasis in original). A "generalized desire" to inspect the grand jury transcripts in the hopes that evidence beneficial to the defendant will be discovered does not satisfy the particularized need requirement. *United States v. Smith*, No. 02-20380, 2004 U.S. Dist. LEXIS 6303, at *4-5 (W.D. Tenn. Jan. 26, 2004).

In addition to the rule of grand jury secrecy, there is a general rule that an

4

indictment "will not be the subject of independent scrutiny and is given a presumption of regularity." *United States v. Hart*, 513 F. Supp. 657, 658 (E.D. Pa. 1981); *United States v. Azad*, 809 F.2d 291, 295 (6th Cir. 1986). A defendant must carry a "difficult burden" to prove irregularity. *United States v. Battista*, 646 F.2d 237, 242 (6th Cir. 1981), *cert. denied*, 454 U.S. 1046 (1981). The rule is "just as applicable to a challenge of inadequate instructions as inadequate evidence," and the "mere speculation of irregularity is not enough to entitle the defendant to disclosure of grand jury material." *Hart*, 513 F. Supp. at 658 (citing *United States v. Budzanoski*, 513 F. Supp. 657, 658 (3d Cir. 1972), *cert denied*, 409 U.S. 949 (1972).

Defendant relies on several circuit cases. Some do not relate to the type of motion Defendant brings before the Court. In any event, Defendant attempts to distinguish his request from those in which the request was denied by limiting his to a request only for the transcripts describing the charges submitted to the grand jury. Defendant does not articulate his reason for requesting access to the transcript, but states, "[d]ue to [the] risk of being exposed to out-of-court dynamics, [Defendant] asks this Court for leave to express his need for transcripts of Grand Jury proceedings and ministerial records in private." Defendant's Brief at 4.

Cases allowing transcript release generally include those where a transcript is needed to "test a witness's credibility, impeach a witness, or refresh a witness's recollection." *Gamble*, 356 U.S. at 683. Since Defendant has not disclosed his reason for needing the transcript, he can't even begin to meet his burden. This part of Defendant's request is denied.

5

B.   Grand Jury Commencement and Termination Dates

Defendant requests the commencement and termination dates of the grand jury, or juries, that indicted him, as well as records of extensions. Courts in other circuits hold that the "disclosure of the commencement and termination dates of the grand jury does not disclose the essence of what took place in the grand jury room." *Smith*, 2004 U.S. Dist. LEXIS 6303, at *7; (citing *In re Cudahy*, 294 F.3d 947, 951 (7th Cir. 2002) ("The mere fact of the existence of a grand jury is [not] automatically to be deemed a matter occurring before it . . . unless revelation of its existence would disclose the identities of the targets or subjects of the grand jury's investigation . . . ."); *In re Special Grand Jury*, 674 F.2d 778, 781 (9th Cir. 1982); *United States v. Enigwe*, 17 F. Supp. 2d 390, 393 (E.D. Pa. 1998) (finding disclosure of commencement and termination dates improper where "there are ample 'specific reasons' militating against disclosure.")).

Since the Government has not set forth specific reasons why the commencement and termination dates should be kept secret, Defendant is entitled to this information. *Smith*, 2004 U.S. Dist. LEXIS 6303, at *7-8.

IV.   **CONCLUSION**

The Court **GRANTS in part and DENIES in part** Defendant's Motion for Reconsideration of Motion for Grand Jury Data. The Government shall tell the Defendant the grand jury commencement and termination dates. The Government need not provide the transcripts requested.

**IT IS ORDERED.**

/s/ Victoria A. Roberts
Victoria A. Roberts

United States District Judge

Dated: February 13, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 13, 2008.

s/Linda Vertriest
Deputy Clerk