UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERMAN PEGROSS,

        Petitioner,        CASE NUMBER: 05-80949
                                        HONORABLE VICTORIA A. ROBERTS

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER ON PETITIONER'S MOTIONS

**I.  INTRODUCTION**

This case is before the Court on Petitioner Sherman Pegross's Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255 (Doc. #162), his Motion for Evidentiary Hearing (Doc. #164), and his Motion for Forthwith Ruling on Habeas Action (Doc. #170).  Petitioner's Motion for Forthwith Ruling is hereby **GRANTED**; his other motions are **DENIED**.

**II.  BACKGROUND**

Petitioner was arrested on November 22, 2005, pursuant to a ten-count indictment.  The Government filed three superseding indictments.  On February 14, 2008, Petitioner signed a plea agreement under Fed. R. Crim. P. 11 (Doc. #146, "Plea Agreement") and pleaded guilty to one count of Access Device Fraud, in violation of 18 U.S.C. § 1029(a)(1).  Applying the United States Sentencing Guidelines ("U.S.S.G."), the Court calculated Petitioner's Total Offense Level as 18, his Criminal History

1

Category as V, and determined that his sentencing range was between 51 and 63 months.  On August 7, the Court sentenced Petitioner to 57 months custody, followed by three years of supervised release (Doc. #155).  Pursuant to his Plea Agreement, Petitioner was also required to pay $118,620.27 in restitution.  On October 31, 2008, Petitioner filed this motion for relief under 28 U.S.C. § 2255, to which the Government responded on December 15 (Doc. #169).

Petitioner argues that his sentence violates the United States Constitution for two reasons.  First, he contends that the Guidelines calculation of his offense level includes an improper two-point enhancement; second, he claims his standby counsel provided ineffective assistance by failing to object to that enhancement.

**III.    ANALYSIS**

Under 28 U.S.C. § 2255(a), a prisoner may move to vacate, set aside or correct a sentence on the grounds that it was

> imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

A court must grant a prompt hearing on a § 2255 motion unless "the files and records of the case conclusively show that the prisoner is entitled to no relief."  § 2255(b).

To prevail on a § 2255 motion, a prisoner must "allege as basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."  *Mallett v. U.S.*, 334 F.3d 491, 496-97 (6th Cir. 2003) (*citing Weinberger v. U.S.*, 268 F.3d 346, 351 (6th Cir. 2001)).  On appeal, the Sixth Circuit reviews a district

court's denial of a § 2255 motion *de novo*, and examines its factual findings for clear error. *Id.* at 497 (*citing Moss v. U.S.*, 323 F.3d 445, 454 (6th Cir. 2003)).

### A.     Two-Point Enhancement under U.S.S.G. § 2B1.1(b)(2)(A)

Petitioner contends that the Court incorrectly enhanced his offense level by two points, and that his proper Guideline range should be between 41 and 51 months. Since Petitioner was sentenced in August 2008, the Court applies the November 2007 edition of the Guidelines Manual. *See* U.S.S.G. § 1B1.11(a), (b)(1) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced" unless it determines that doing so would violate the *ex post facto* clause of the U.S. Constitution).

Under the Guidelines, a defendant convicted of violating 18 U.S.C. § 1029(a)(1), and whose offense involved ten or more victims, is subject to an offense level increase of two points. § 2B1.1(b)(2)(A)(i). The Guidelines define "victim" as "any person who sustained any part of the actual loss," that is, "the reasonably foreseeable pecuniary harm that resulted from the offense." § 2B1.1 cmt. n.1, 3(A)(i). The term "person" includes "individuals, corporations, companies, associations, firms, partnerships, societies, and joint stock companies." *Id.* at cmt. n.1. Finally, "pecuniary harm" means "harm that is monetary or that otherwise is readily measurable in money . . . and does not include emotional distress, harm to reputation or other non-economic harm." *Id.* at cmt. n.3(A)(iii).

In *U.S. v. Yagar*, the Sixth Circuit set forth the principle that a credit card holder whose lost funds are immediately reimbursed by the card-issuing entity cannot be considered a "victim" for purposes of § 2B1.1(b)(2). 404 F.3d 967, 971 (6th Cir. 2005);

3

*accord U.S. v. Conner*, 537 F.3d 480, 489 (5th Cir. 2008). The court reasoned that "where the monetary loss is short-lived and immediately covered by a third-party," there is no basis upon which to find "actual loss" or "pecuniary harm." *Yagar*, 404 F.3d at 971. However, the court qualified its ruling by adding that "there may be situations in which a person could be considered a 'victim' under the Guidelines even though he or she is ultimately reimbursed." *Id.* *Yagar* suggests that an account holder who "suffer[s an] adverse effect as a practical matter from [a defendant's] conduct" may qualify as a victim. *Id.*; *see also U.S. v. Abiodun*, 536 F.3d 162, 168-69 (2d Cir. 2008) (citing *Yagar* and holding that reimbursed account holders can qualify as victims "if--as a practical matter--they suffered (1) an adverse effect (2) as a result of the defendant's conduct that (3) can be measured in monetary terms.") (internal footnote omitted).

Petitioner contends that his Plea Agreement erroneously counts 22 credit card holders as victims of his crimes. He argues that, once these individuals are removed in accordance with *Yagar*, the only true remaining victims are Visa, MasterCard, American Express, Discover, Retailer's National Bank, and "two lending institutions." (Pet.'s Mot. at 2.) Petitioner also submits a letter from this Court's Probation Department, which he says confirms his position. (Pet.'s Supp. to Mot., Doc. #167). Dated November 12, 2008, the letter identifies seven financial institutions as victims to which Petitioner owes restitution: Discover, Citibank, Fidelity Bank, MBNA, American Express, JPMorgan Chase and U.S. Bank. (*Id.* at 3.) Petitioner argues this is conclusive evidence that the two-point enhancement of U.S.S.G. § 2B1.1(b)(2)(A)(i) was improperly levied.

The Government does not dispute the legal basis of Petitioner's claim, but argues that even without the 22 card holders, his activities still victimized more than ten

people or entities. The Government submits an affidavit by Task Force Agent Todd Gustke, who explains that credit card companies operate on one of two alternative models. (Declaration of Todd R. Gustke, Gov.'t Resp. at 6.) Certain companies, like American Express and Discover, issue credit cards directly to their customers; if losses occur due to fraud, they are borne by the issuers or the merchant who accepted the fraudulent payment. (*Id.* at ¶ 2.) On the other hand, Agent Gustke explains that Visa and MasterCard associations license individual financial institutions to issue charge cards. Under this arrangement, fraud losses are not borne by Visa or MasterCard, but by the financial institutions themselves, or by the accepting merchant. (*Id.*)

According to Agent Gustke, Petitioner's crimes resulted in at least 15 victims. (*Id.* at ¶ 4.) Seven of these were financial institutions: Discover, American Express, Citibank, MBNA Bank Canada, U.S. Bank, JPMorgan Chase and Household Credit Services; another six were merchants: Target Stores, Citgo, Marathon, BP Oil, Second Wind PCS Leasing and Home Depot; one was a mortgage company, Finance America; finally, one victim was an individual, the heir to the estate of a deceased couple whose house Petitioner tried to fraudulently sell. (*Id.*)

The Court notes certain differences between the financial institutions identified by Petitioner, the Government and Probation. Petitioner does not explain where he obtained the name of Retailer's National Bank, which does not appear on Agent Gustke's list. Likewise, Probation says Fidelity Bank is owed restitution, but it also is absent from the Government's list. In any case, Petitioner does not challenge Agent Gustke's affidavit or supply evidence to contradict his computation of victims.

The Court finds that, between the financial institutions and the merchants who

5

accepted fraudulent payments, at least 14 victims suffered actual losses caused by Petitioner's actions. The Guidelines explicitly include corporations and companies within the definition of "persons" who may be "victims" for purposes of U.S.S.G. § 2B1.1., *see* cmt. n.1. Therefore, the six merchants identified by Agent Gustke qualify as victims, as does the mortgage company. Adding these to the seven financial institutions brings the total to 14, and (without even considering whether the heir to the property which Petitioner tried to sell is a victim for sentencing purposes) triggers the two point increase of § 2B1.1(b)(2)(A)(i).

### B.   Ineffective Assistance of Standby Counsel

Petitioner claims that his defense counsel provided ineffective assistance because he failed to object to the two point increase under § 2B1.1(b)(2)(A)(i). Since the Court finds the enhancement proper, it follows that Petitioner's ineffective assistance claim is without merit.

## IV.   CONCLUSION

By this Order, the Court **GRANTS** Petitioner's Motion for Forthwith Ruling. Because the sentencing Guidelines were properly applied and Petitioner's sentence correctly calculated, the Court **DENIES** his Motion to Vacate, Set Aside or Correct his Sentence. Since the record shows conclusively that Petitioner is not entitled to 28 U.S.C. § 2255 relief, his Motion for Evidentiary Hearing is also **DENIED**.

**IT IS ORDERED**.

    s/Victoria A. Roberts  
    Victoria A. Roberts  
    United States District Judge

Dated: February 6, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Sherman Pegross by electronic means or U.S. Mail on February 6, 2009.

s/Linda Vertriest
Deputy Clerk

---