UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERMAN PEGROSS,

        Petitioner,        CASE NUMBER: 05-80949
                                      HONORABLE VICTORIA A. ROBERTS

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

**I.    INTRODUCTION**

Petitioner Sherman Pegross applies for a Certificate of Appealability to appeal the Court's denial of his 28 U.S.C. § 2255 habeas petition.

Petitioner's Application is **DENIED**.

**II.    BACKGROUND**

Petitioner was arrested in November 2005 on multiple counts of Access Device Fraud in violation of 18 U.S.C. § 1029(a)(1) and (2). On February 14, 2008, Petitioner signed an agreement pursuant to Fed. R. Crim. P. 11 with the Government ("Plea Agreement"), in which he pled guilty to one count of Access Device Fraud (Doc. #146). For sentencing purposes, the parties stipulated that Petitioner's actions had resulted in a total loss of $198,620.27, and they agreed on a restitution amount of $118,620.27.

On August 7, 2008, applying the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines"), this Court determined Petitioner had a Total Offense

Level of 18 and a Criminal History Category of V.  In accordance with the Plea Agreement, the Court sentenced Petitioner to 57 months detention.

On October 31, 2008, Petitioner filed a habeas corpus petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  Petitioner claimed the sentence was unconstitutional because: (1) his Guideline offense level was excessive due to an error in the number of victims of his crime; and (2) his standby counsel was ineffective in failing to oppose this enhancement.  The Government filed its response in opposition on December 15, along with a certificate of service to Petitioner at the Federal Correctional Institution in Milan, Michigan (Doc. #169).

On February 6, 2009, the Court ruled the number of victims was properly tallied, the enhancement justified, and dismissed the petition.  *See Pegross v. United States*, No. 05-80949, 2009 U.S. Dist. LEXIS 8746 (E.D. Mich. Feb. 6, 2009).  Petitioner filed this Application for Certificate of Appealability on February 18.

### III.   ANALYSIS

A prisoner cannot appeal the denial of his or her 28 U.S.C. § 2255 habeas petition without a Certificate of Appealability ("COA") from either a district or circuit court judge.  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).  If granting the COA, the judge must identify which specific issues are appealable; if denying the application, s/he must explain why.  Fed. R. App. P. 22(b).

To obtain a COA, the applicant must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997).  The substantial showing threshold is satisfied when the petitioner demonstrates that "reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (the petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.") (*quoting Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980) (internal quotation omitted)) (emphasis and alteration in *Barefoot*).

As the Supreme Court explains, the "substantial showing" inquiry "does not require full consideration of the factual or legal bases adduced in support of the claims." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

> A prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

*Id.* at 338 (*quoting Barefoot*, 463 U.S. at 893). Nevertheless, the district court must make an "individualized determination" on each claim presented; blanket grants or denials of COAs will be vacated and remanded for reconsideration. *See Murphy v. State of Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (*per curiam*).

Petitioner requests a COA to appeal the issues raised in his habeas petition, namely: (1) whether the Court properly applied the Sentencing Guidelines in determining his sentence; and (2) whether his standby counsel was ineffective in failing to object to the Court's determination under the Guidelines. In addition, Petitioner claims he did not receive the Government's opposition to his petition until two days before the Court issued its ruling. The Court considered each ground for appeal and

3

finds Petitioner fails to make a substantial showing that he was denied a constitutional right.

### A.    Number of Victims of the Offense

The first question concerns the number of victims.  Under the Guidelines, a victim is a corporate or private individual "who sustained any part of the actual loss."  U.S.S.G. § 2B1.1 cmt. n.1.  Actual loss is defined as "the reasonably foreseeable pecuniary harm that resulted from the offense."  *Id.* at cmt. n.3(A)(i).  If a crime involving counterfeit instruments results in ten or more victims, the defendant's Guideline offense level is increased by two points.  § 2B1.1(b)(2)(A)(i).

In rejecting the habeas petition, the Court determined Petitioner's crimes resulted in at least 14 victims: seven financial institutions (Discover, American Express, Citibank, MBNA Bank Canada, U.S. Bank, JPMorgan Chase and Household Credit Services); six merchants (Target Stores, Citgo, Marathon, BP Oil, Second Wind PCS Leasing and Home Depot); and one mortgage company (Finance America).  The Court relied in part for its finding on a Declaration by Task Force Agent Todd Gustke.  (*See* Gov't Resp. to § 2255 Pet., Declaration of Todd R. Gustke (hereinafter Gustke Decl.), at ¶ 4.)

Petitioner disputes whether several merchants identified by Agent Gustke qualify as "victims" for sentencing purposes.  In the case of Target Stores, Petitioner claims his accomplice was caught while trying to purchase goods with a counterfeit credit card, and no merchandise was actually stolen.  Petitioner also argues that Household Credit Services merged with Citibank, and thus cannot be counted as an independent victim.

Assuming, for purpose of discussion, that Target Stores and Household Credit Services are not victims, there remain 12 entities which incurred losses as a result of

Petitioner's conduct.  Petitioner's arguments concerning these companies do not meet the threshold to issue a COA.

Petitioner claims five merchants that incurred losses in sales involving fraudulent credit cards were fully reimbursed by the banks which issued the cards.  A merchant whose losses are immediately reimbursed by the card-issuing bank is not a victim for § 2B1.1(b)(2) purposes.  *U.S. v. Yagar*, 404 F.3d 967, 971 (6th Cir. 2005); *accord U.S. v. Conner*, 537 F.3d 480, 489 (5th Cir. 2008).

Petitioner or his accomplices used fraudulent American Express cards for purchases at Citgo, Marathon, BP Oil and Second Wind PCS Leasing.  Agent Gustke states that, for each transaction, the loss was borne jointly by American Express and the vendor.  However, Petitioner claims the vendors were fully reimbursed, and thus cannot be considered victims.  Likewise, for a Home Depot purchase made with a counterfeit Citibank card, Agent Gustke states that each side lost money, but Petitioner argues only Citibank incurred the actual loss.

Petitioner provides no support for his assertions.  Agent Gustke explains that, when a purchase is made with a fraudulent credit card, the associated loss is borne either by the financial institution that issued the card, the merchant who accepted the payment, or both.  (Gustke Decl. ¶ 2.)  Indeed, Agent Gustke identifies several purchases for which losses were borne exclusively by financial institutions such as American Express or Citibank.  Petitioner singles out transactions for which losses were split between the merchant and the card-issuing entity, and simply claims that in each case, the bank fully reimbursed the merchant for its share of the loss.  Without support, these are merely conclusory allegations which do not satisfy Petitioner's burden to

5

prove "something more than the absence of frivolity" or the existence of good faith on his part. *Miller-El*, 537 U.S. at 338.

Without counting Target Stores and Household Credit Services as victims, there are still at least 12 financial institutions and merchants that suffered actual losses from Petitioner's actions. Petitioner has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

### B. Ineffective Assistance of Standby Counsel

Since the offense resulted in at least 12 victims, Petitioner's standby counsel had no reason to object to the two-level enhancement under U.S.S.G. § 2B1.1(b)(2)(A)(i). Thus, dismissing Petitioner's ineffective assistance claim did not constitute a denial of his constitutional rights.

### C. Failure to Receive the Government's Response

Lastly, Petitioner states he did not receive the Government's response to his habeas action until it was too late to file a reply.

At common law, a rebuttable presumption exists that a properly addressed piece of mail which is deposited with the United States Postal Service, is received by the person to whom it is addressed. *Atherton v. Atherton*, 181 U.S. 155, 171 (1901) (*citing Rosenthal v. Walker*, 111 U.S. 185 (1884)); *Detroit Auto. Prod. Corp. v. Comm'r*, 203 F.2d 785, 785 (6th Cir. 1953) (*citing Cent. Paper Co. v. Comm'r of Internal Revenue*, 199 F.2d 902 (6th Cir. 1952)). Depending on the circumstances, the presumption of receipt can be denied by affidavit evidence that the receiver did not get the intended mailing. *Compare Anderson v. Tenn. Valley Auth.*, No. 92-5811, 1993 U.S. App. LEXIS

8678, at *13-16 (6th Cir. Apr. 13, 1993) (unpublished) (upholding doctrine of constructive receipt in Title VII case, even though plaintiff's affidavit said he did not receive final agency decision on his complaint), *with In re Yoder*, 758 F.2d 1114, 1118 (6th Cir. 1985) (affidavit evidence of non-receipt was sufficient to rebut the presumption in a bankruptcy case).

The Government's response was filed December 15, 2008; it includes a certificate of service with Petitioner's detainee identification number and the address of the detention facility where he resides. (Gov't Resp. to § 2255 Pet. 5.) However, by sworn affidavit, Petitioner states he did not receive the response from either the Government or the Court, and that he was unaware of it until he got a copy from his wife on February 5, 2009, the day before the Court denied his petition. (Affidavit of Sherman Pegross, Feb. 15, 2009.) Petitioner's wife used the same address as listed on the Government's certificate of service. (Application Ex. A.)

The Court need not decide whether failure to receive the Government's response in time caused Petitioner's rights to be violated. In his Application for Certificate of Appealability, Petitioner addresses the Government's opposition to his petition in detail. He takes each entity the Government claims suffered losses as a result of his actions, and challenges their status as victims under U.S.S.G. § 2B1.1(b)(2)(A)(i). In effect, Petitioner's Application functions as his response to the Government's opposition.

The Court reviewed the Application thoroughly and considered each of Petitioner's arguments. There are no grounds upon which to find that Petitioner's claims could be resolved differently, that the denial of his petition could be a source of disagreement among reasonable jurists, or that the question he poses is adequate to

deserve encouragement to proceed further. *Barefoot*, 463 U.S. at 893 n.4.

## IV. CONCLUSION

Petitioner fails to make a substantial showing that he was denied a constitutional right. His Application for Certificate of Appealability is **DENIED**.

**IT IS ORDERED.**

       /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 27, 2009

> The undersigned certifies that a copy of this document was served on the attorneys of record and Sherman Pegross by electronic means or U.S. Mail on April 27, 2009.
>
> s/Linda Vertriest
> Deputy Clerk